Morton & Craig LLC
John R. Morton, Jr., Esq.
110 Marter Ave.
Suite 301
Moorestown, NJ 08057
Telephone: 856-866-0100
Attorney for: American Honda Finance Corporation

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>ROBERT A. WASSERMAN | Case No. 20-22206(SLM)<br><br>Chapter 13<br><br>Hearing Date: 1-13-21<br><br><br><br>**OBJECTION TO CONFIRMATION** |

American Honda Finance Corporation, a secured creditor of the Debtor, objects to the Debtor's plan for the following reasons:

a. **VEHICLE UNDERVALUED; DEBTOR HAS EQUITY IN VEHICLE AND CANNOT CRAM IT DOWN:** The vehicle in this matter is undervalued in the plan. The vehicle, a 2017 Honda Accord had a clean retail value of $19,250 in the NOVEMBER 2020 NADA Official Used Car Guide with disclosed mileage of 45,000. The net loan balance at filing was $16,119.61. The debtor has equity in the vehicle and cannot cram it down. The plan should be amended to pay American Honda Finance Corporation $16,119.61 with

interest at 4.25%.  The trustee should compute interest. If interest was pre-computed, the trustee would pay AMERICAN HONDA FINANCE CORPORATION $17,916.91 over 36 months.

b. **Adequate protection payments:**  The plan fails to pay adequate protection payments to Honda.  The plan should be modified to pay AMERICAN HONDA FINANCE CORPORATION adequate protection payments of $192 a month beginning in November of 2020 (being 1% of the vehicle value). Adequate protection payments must be given super priority administrative expense status, paid ahead of attorney fees and continue after confirmation until regular distributions begin to be made to AMERICAN HONDA FINANCE CORPORATION.

c. **Proof of insurance:** The vehicle must be insured with comprehensive and collision insurance coverage and liability coverage in accordance with the requirements contained in the contract.  American Honda Finance Corporation must be listed as loss payee or additional insured. **The Debtor must provide American Honda Finance Corporation with proof that the vehicle is insured in accordance with §1326(a)(4) and this portion of the objection to confirmation should be considered a demand that the Debtor provide proof of insurance.**

d. American Honda Finance Corporation must retain its lien on the vehicle following confirmation, until it is paid in full through the plan, the plan is completed by the debtor and the debtor receives a discharge.

e. **Order of distributions:**  The order of distributions must be changed to account for the priority of adequate protection payments to American Honda Finance.

/s/ John R. Morton, Jr.
John R. Morton, Jr., attorney for
American Honda Finance Corporation

Dated: 11-5-20